UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDY ROSE COMBS,                    Civil Action No.: 18-10930
                                      Honorable Matthew F. Leitman
                    Plaintiff,        Magistrate Judge Elizabeth A. Stafford

v.

COMMISSIONER OF
SOCIAL SECURITY,

                    Defendant.

_____/

## REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 13, 14]

Plaintiff Brandy Rose Combs appeals a final decision of defendant Commissioner of Social Security (Commissioner) denying her application for Supplemental Security Income benefits (SSI) under the Social Security Act.  Both parties have filed summary judgment motions, referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  After review of the record, the Court finds that the administrative law judge's (ALJ) decision is supported by substantial evidence, and thus **RECOMMENDS** that:

- Combs's motion [ECF No. 13] be **DENIED**;

- the Commissioner's motion [ECF No. 14] be **GRANTED**; and

- the Commissioner's decision be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

## I.   BACKGROUND

### A.   Background and Disability Applications

Combs was 36 years old, which is defined as a "younger individual age 18-49," on the date she filed her application.  [ECF No. 7-2, Tr. 40]. She completed her high school education before working various jobs, including as a direct care worker, hairstylist, beautician, cleaner, janitor, receptionist, and retail clerk, clothing.  [ECF No. 7-2, Tr. 39].  She alleged disability due mainly to rheumatoid arthritis.  [ECF No. 7-3, Tr. 83].

After the Commissioner denied her disability application initially, Combs requested a hearing, which took place in July 2017, and during which she and a vocational expert (VE) testified.  [ECF No. 7-2, Tr. 46-73]. In a September 22, 2017 written decision, the ALJ found Combs to be not disabled.  [*Id*., Tr. 41].  The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner, and Combs timely filed for judicial review.  [*Id*., Tr. 1-6; ECF No. 1].

### B.   The ALJ's Application of the Disability Framework Analysis

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental

2

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. § 404.1520(a)(4). Second, if the claimant has not had a severe impairment or a combination of such impairments[1] for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity, and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is

---

[1] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." § 1520(c).

reached.  *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Combs was not disabled.  At the first step, he found that Combs had not engaged in substantial gainful activity since December 15, 2015, the application date. [ECF No. 7-2, Tr. 34].  Combs testified that she did eyelashes in 2015, but the ALJ noted that her annual earnings were $10,658, which was below the level of substantial gainful activity.  [*Id.*]  At the second step, the ALJ found that Combs had the severe impairments of rheumatoid arthritis and obesity. [*Id.*].  Next, the ALJ concluded that none of her impairments, either alone or in combination, met or medically equaled the severity of a listed impairment.  [*Id.*, Tr. 34-35].

Between the third and fourth steps, the ALJ found that Combs had the RFC to perform light work as defined in 20 C.F.R. 416.967(b), and with "[o]ccasional postural; occasional overhead work with the upper extremities; occasional fingering; and unlimited handling, gross manipulation, and feeling." [*Id.*, Tr. 35].  At the fourth and final steps, after considering Combs's age, education, work experience, RFC, and the testimony of the VE, the ALJ found that she could perform her past relevant work as a direct care worker as well as jobs as an attendant worker, usher,

4

visual inspector or lobby/gate attendant.   [*Id.*, at Tr. 40].

## II.   ANALYSIS

### A.

Pursuant to § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards.  *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted).  Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence.  *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Combs raises four arguments: 1) the RFC does not accurately reflect her impairments because she cannot stand for six hours in an eight-hour workday; 2) the ALJ ignored her testimony of efforts to obtain pain relief, which should have resulted in a higher credibility finding; 3) the ALJ improperly weighed the opinion of her treating physician; and 4) the ALJ failed to consider the effects of her medications on her ability to work.  The

5

Court rejects all of Combs's arguments and concludes that the ALJ's opinion is supported by substantial evidence.

### B.

Combs first contends that the ALJ erred in determining that she was capable of light work because she lacks the ability to stand for the required six hours out of an eight-hour workday. [ECF No. 13, PageID.803-05]. In support, Combs points to the medical records from Marie-Claire Maroun, M.D., which showed that she had rheumatoid arthritis with rheumatoid factor. [ECF No. 7-8, Tr. 450-70]. Combs contends that pain medications have been ineffective to control her symptoms. [ECF No. 7-8, Tr. 454, 459]. She also says that she reported side effects of the medications, including severe headaches, poor sleep, chest pain, dizziness, nausea, cramps and constipation. [ECF No. 7-2, Tr. 57; ECF No. 7-6, Tr. 268; ECF No. 7-8, Tr. 607].

Combs does not identify any specific error in the ALJ's analysis when finding that she was capable of light work, making it difficult for the Court to assess her argument. It is not the Court's role to develop this argument for her. *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (a party cannot leave it to the court to put flesh on the bones of an insufficiently developed argument). And Combs fails to mention the opinion of state

agency physician M. Fountain, M.D., which is the only medical opinion in
the record.  [ECF No. 7-3, Tr. 83-92].  Dr. Fountain's opinion supported the
ALJ's conclusions that Combs was capable of standing and/or walking
(with normal breaks) for a total of about six hours in an eight-hour workday,
and sitting (with normal breaks) for a total of about six hours in an eight-
hour workday.  [ECF No. 7-3, Tr. 89].

The ALJ also considered the full record when concluding that Combs
was capable of light work, including her testimony and statements
regarding her rheumatoid arthritis and its limitations.  Combs said that she
was only able to sit for 10 minutes, stand for 15 minutes, walk one-half
block, and lift only one pound.  [ECF No. 7-2, Tr. 35-36; citing ECF No. 7-6,
Tr. 260-68].  But the ALJ noted that, in December 2015, field office
personnel indicated that Combs exhibited no limitations and had no
difficulty using her hands.  [ECF No. 7-2, Tr. 36; ECF No. 7-6, Tr. 237-39].
And the ALJ cited objective medical evidence throughout the relevant
period showing Combs's symptoms being consistently characterized as
minimal or mild.  [ECF No. 7-7, Tr. 332, 340, 420, 422, 424; ECF No. 7-8,
Tr. 441, 443-44, 449-50, 454, 459, 461, 508, 512, 528, 532, 545-46, 549-
50, 565-66, 569, 570, 582, 583, 603, 605, 607, 621, 623, 644-46, 647,
721].  This evidence constitutes substantial evidence supporting the ALJ's

determination of Combs's RFC.

The Court must resist Combs's request for it to reweigh the evidence
to determine whether she should have been found disabled; such a
reweighing of the evidence is not permissible. *Cutlip v. Sec. of Health &
Hum. Servs.,* 25 F.3d 284, 286 (6th Cir. 1994) (If the Commissioner's
decision is supported by substantial evidence, "it must be affirmed even if
the reviewing court would decide the matter differently, and even if
substantial evidence also supports the opposite conclusion.") (citations
omitted). This rule applies when, as here, the ALJ considered the totality of
the record, not fragments of the record which may have provided a
distorted view of the extent of the claimant's impairment. *Brooks v. Comm'r
of Soc. Sec.*, No. 11-5654, 531 F. App'x 636, 641 (6th Cir. Aug. 6, 2013)
("[A] substantiality of evidence evaluation does not permit a selective
reading of the record.").

### C.

Combs next argues that the ALJ failed to consider her persistent
efforts to obtain pain relief, thus enhancing her credibility. [ECF No. 13,
PageID.805-06]. She complains that the ALJ all but ignored the attempts
she made to control her symptoms including using Tramadol, Plaquenil,

Ketoprofen, Enbrel, Norco, Naprosyn, Prednisone, Tylenol #3, and receiving Torodol injections.  [ECF No. 13, PageID.806].

The ALJ's decision postdates Social Security Ruling 16-3p, which eliminates use of the term "credibility" from official policy and clarifies that a "subjective symptom evaluation is not an examination of an individual's character."  SSR 16-3p, 2016 WL 1119029, at *1.  *See also Rhinebolt v. Comm'r of Soc. Sec.*, No. 2:17-CV-369, 2017 WL 5712564, at *8 (S.D. Ohio Nov. 28, 2017), *adopted*, 2018 WL 494523 (S.D. Ohio Jan. 22, 2018) (noting that under SSR 16-3p, "an ALJ must focus on the consistency of an individual's statements about the intensity, persistence and limiting effects of symptoms, rather than credibility.").

Despite the linguistic clarification, courts continue to rely on pre-SSR 16-3p authority providing that the ALJ's credibility determinations are given great weight.  *See, e.g., Kilburn v. Comm'r of Soc. Sec.*, No. 1:17-CV-603, 2018 WL 4693951, at *7 (S.D. Ohio Sept. 29, 2018); *Duty v. Comm'r of Soc. Sec.*, No. 2:17-CV-445, 2018 WL 4442595, at *6 (S.D. Ohio Sept. 18, 2018). Thus, an ALJ's subjective symptom evaluation should not be disturbed "absent compelling reason."  *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).  At the same time, "such determinations must find support in the record."  *Rogers*, 486 F.3d at 241.

Here, the ALJ found that Combs's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." [ECF No. 7-2, Tr. 19]. The ALJ reasoned that the objective medical evidence did not fully corroborate Combs's allegations, that her symptoms were consistently characterized as minimal to mild, and that she consistently exhibited good strength in all extremities and no neurological deficits. [ECF No. 7-2, Tr. 19]. The ALJ also noted that, although Combs alleged an onset date of March 2011, there is minimal medical evidence in the record prior to July 2014. [ECF No. 7-2, Tr. 19]. This is a valid consideration. *See Strong v. Soc. Sec. Admin.*, 88 F. App'x 841, 846 (6th Cir. 2004) ("In the ordinary course, when a claimant alleges pain so severe as to be disabling, there is a reasonable expectation that the claimant will seek examination or treatment. A failure to do so may cast doubt on a claimant's assertions of disabling pain.").

Combs's brief makes no attempt to challenge the ALJ's reasoning for his subjective symptom evaluation. [ECF No. 13, PageID.805-06]. Instead of addressing the ALJ's reasoning, Combs argues that the ALJ ignored her medication use. This argument is without merit as the ALJ did question

Combs about her medication use during the hearing.  [ECF No. 7-2, Tr. 54, 56-57, 59].  And while it is true that the ALJ did not mention Combs's medication use when explaining his subjective symptom evaluation, he was not required to mention it.  *See Kornecky*, 167 F. App'x at 508 ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.").

The Court finds no compelling reason to disturb the ALJ's subjective symptom evaluation.

### D.

Combs next argues that the ALJ failed to give adequate weight to the opinions of her treating physicians.  [ECF No. 13, PageID.806-08].  Specifically, Combs says that the ALJ ignored Dr. Maroun's notes which indicated bilateral crepitus.  [ECF No. 7-8, 452-56, 512].  She also complains that the ALJ did not give more credence to physical examination notes from several urgent care visits indicating swelling and tenderness.  [ECF No. 7-8, Tr. 545-601].

The "treating physician rule" requires an ALJ to give controlling weight to a treating physician's opinions regarding the nature and severity of a claimant's condition when those opinions are well-supported by medically acceptable clinical and diagnostic evidence, and not inconsistent

11

with other substantial evidence. *Gentry*, 741 F.3d at 723, 727-29; *Rogers*, 486 F.3d at 242-43.  An ALJ who decides to give less than controlling weight to a treating physician's opinion must give "good reasons" for doing so. *Rogers*, 486 F.3d at 242.

The problem with Combs's argument is that she has not identified a medical opinion regarding her functional limitations rendered by a treating physician, and the Court finds none.  As noted above, the only opinion in the record is that of state agency physician, Dr. Fountain.  If Combs believes that the records from Dr. Maroun and urgent care are "opinions" entitled to controlling weight, she is wrong.

> The law and the Social Security regulations recognize a difference between a treating physician's treatment notes or comments, and a treating physician's medical opinion. According to the relevant regulation, medical opinions are defined as statements that reflect *judgments* about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions. Only opinions of treating physicians are entitled to controlling weight. On the other hand, mere *observations* about a claimant's condition do not qualify as medical opinions.

*Terrell v. Comm'r of Soc. Sec.*, No. 12-CV-11781, 2013 WL 5178541, at *11 (E.D. Mich. Sept. 10, 2013) (internal citations and quotation marks omitted).  The treatment notes that Combs cited detail observations and symptoms, but do not articulate judgments regarding Combs' ability to

12

function. [ECF No. 7-8, 452-56, 512, 545-601]. As such, Combs has identified no error with respect to these treatment notes.

**E.**

Lastly, Combs argues that the ALJ failed to discuss or consider the side effects of her medication—headaches, chest pain, dizziness, nausea, cramps and constipation—on her ability to work, and that this error deems the ALJ's assessment of her RFC flawed. [ECF No. 13, PageID.808-09; citing ECF No. 7-2, Tr. 57; ECF No. 7-6, Tr. 268; ECF No. 7-7, Tr. 321, 349; ECF No. 7-8, Tr. 607]. But the medical evidence does not substantiate that Combs suffered those side effects.

Combs did testify at the hearing that her medications caused headaches throughout the day, [ECF No. 7-2, Tr. 57], and she alleged that her medications causes her chest pain, dizziness, nausea, cramps and constipation in a function report that she completed prior to the administrative hearing. [ECF No. 7-6, Tr. 268].[2] Combs also points to a May 2017 progress note from Kiranmayi Surapaneni, M.D., but that note associated Combs's headaches with tension and stress, and not as a side effect of her medications. [ECF No. 7-8, Tr. 607]. Two 2014 emergency

---

[2] The ALJ considered Combs's allegation that her medication causes headaches and he considered the function report. [ECF No. 7-2, Tr. 19, 35].

13

department notes that Combs cites indicate nausea and chest pain.  [ECF
No. 7-7, 321, 349].  But the January 2014 ER note does not conclude that
her nausea was the result of medication use.  [ECF No. 7-7, Tr. 349].
Similarly, the September 2014 ER note does not show that the anterior
chest pain she was experiencing was the result of her medications.  [ECF
No. 7-7, Tr. 321].

    Because Combs has not identified any evidence to support her claim
that her medications caused her side effects, her claim of error must fail.
*See Essary v. Comm'r of Soc. Sec.*, 114 F. App'x 662, 665-66 (6th Cir.
2004) (ALJ did not err in finding that claimant suffered no medication side
effects when medical records failed to substantiate any); *Farhat v. Sec'y of
Health & Human Servs.*, 1992 WL 174540 at *3 (6th Cir. July 24, 1992)
("[Claimants] allegations of the medication's side-effects must be supported
by objective medical evidence").

## III.   CONCLUSION

    For the reasons stated above, the Court **RECOMMENDS** that
Combs's motion for summary judgment [ECF No. 13] be **DENIED**; that the
Commissioner's motion [ECF No. 14] be **GRANTED**; and that the
Commissioner's decision be **AFFIRMED** pursuant to sentence four of 42
U.S.C. § 405(g).

14

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>

Dated: January 29, 2019                     United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this

Report and Recommendation, but must act within fourteen days of service

of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ.

P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any

further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v.*

*Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*,

638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but

fail to raise others with specificity will not preserve all objections that party

might have to this Report and Recommendation.  *Willis v. Secretary of*

*HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers*

*Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection

must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2,"

etc., and **must specify** precisely the provision of this Report and

Recommendation to which it pertains.  Not later than fourteen days after

service of objections, **the non-objecting party must file a response** to

the objections, specifically addressing each issue raised in the objections in

15

the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.