UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDY ROSE COMBS,

     Plaintiff,                              Case No. 18-cv-10930
                                                 Hon. Matthew F. Leitman

v.

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____/

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS
(ECF #16) TO THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION (ECF #15), (2) ADOPTING RECOMMENDED
DISPOSITION IN THE REPORT AND RECOMMENDATION, (3)
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF
#13), AND (4) GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT (ECF #14)**

In this action, Plaintiff Brandy Rose Combs challenges the denial of her

application for supplemental security income benefits ("SSI") under the Social

Security Act. (*See* Compl., ECF #1.) Both Combs and Defendant Commissioner of

Social Security (the "Commissioner") filed motions for summary judgment. (*See*

Combs' Mot. for Summ. J., ECF #13; Commissioner's Mot. for Summ. J., ECF #14.)

The assigned Magistrate Judge then issued a Report and Recommendation in which

she recommended that the Court (1) grant the Commissioner's motion for summary

judgment and (2) deny Combs' motion for summary judgment (the "R&R"). (*See*

1

R&R, ECF #15.)  Combs has filed timely objections to the R&R (the "Objections").

(*See* Objections, ECF #16.)  The Court has conducted a *de novo* review of the portions of the R&R to which Combs has objected.  For the reasons stated below, the Court **OVERRULES** Combs' Objections, **ADOPTS** the recommended disposition in the R&R, **DENIES** Combs' motion for summary judgment, and **GRANTS** the Commissioner's motion for summary judgment.

# I

## A[1]

On December 15, 2015, Combs filed an application for SSI benefits (the "Application"). (*See* Admin. R., ECF #7-5 at Pg. ID 220-27.)  In the Application, Combs alleged that she suffered from rheumatoid arthritis and that her disability began on March 1, 2011. (*See id.* at Pg. ID 220; *see also* ECF #7-3 at Pg. ID 116.) The Social Security Administration (the "SSA") denied Combs' request for benefits on the ground that Combs was not disabled. (*See* Admin. R., ECF #7-3 at Pg. ID 124.)

Combs thereafter requested and received a *de novo* hearing before an administrative law judge (the "ALJ").  The ALJ held that hearing on June 7, 2017.

---

[1] The Court recites only the facts relevant to the Objections.  A full description of the facts is available in the R&R. (*See* R&R, ECF #15 at Pg. ID 828-31.)

(*See* Admin. R., ECF #7-2 at Pg. ID 78-105.) Combs and a vocational expert testified at the hearing. (*See id.*)

At the hearing, Combs described the pain from her arthritis as a "10" on a 1-to-10 scale. (*Id.* at Pg. ID 86.) She also said testified that she suffered headaches as a result of her pain medications, that she does not "sleep too well" because of pain, and that she has difficulty walking more than half a block at a time or standing for more than 15 minutes at a time. (*Id.* at Pg. ID 89, 91-92.)

On September 22, 2017, the ALJ issued a written decision in which he affirmed the SSA's denial of benefits. (*See id.* at Pg. ID 47-56.) In doing so, the ALJ applied the "five-step sequential evaluation process for determining whether an individual is disabled."[2] (*Id.* at Pg. ID 47.)

At step one of that analysis, the ALJ determined that Combs had not engaged in any "substantial gainful activity" since December 15, 2015, the date of the Application. (*Id.* at Pg. ID 49.)

Next, at step two, the ALJ found that Combs suffered from two severe impairments: rheumatoid arthritis and obesity. (*See id.*)

At step three, the ALJ concluded that Combs was not entitled to a finding of disability because none of Combs' severe impairments "met or medically equaled

---

[2] A full description of this five-step analysis is included in the R&R. (*See* R&R, ECF #15 at Pg. ID 829-30.)

the severity of one of the listed impairments" in the Commissioner's Listing of Impairments. (*Id.* at Pg. ID 49-50.)

Before moving to step four of the analysis, the ALJ determined that Combs had the residual functional capacity ("RFC") to perform light work with the following limitations:

> [O]ccasional posturals; occasional overheard work with the upper extremities; occasional fingering; and unlimited handling, gross manipulation, and feeling.

(*Id.* at Pg. ID 50.)

In reaching this RFC, the ALJ thoroughly reviewed Combs' medical records, her hearing testimony, reports from the "field office personnel" who met with Combs, and an opinion from Dr. Fountain, "a state disability physician." (*Id.* at Pg. ID 50-54.) Dr. Fountain's opinion was the only medical opinion in the record. He "concluded that [Combs] could perform light work with limitations of occasional posturals, occasional overhead work with the left upper extremity, and occasional fingering with the right hand." (*Id.* at Pg. ID 54.) The ALJ accorded "great weight" to Dr. Fountain's opinion because it was "consistent with the record as a whole" and "accommodated [Combs'] occasional swelling in her hands and knees." (*Id.*)

The ALJ then moved to step four of the analysis. At this step, he concluded that, given Combs' RFC, Combs could perform her past relevant work as a direct care worker. (*See id.*)

The ALJ then said that because he determined that Combs could perform her past work, he did not need to proceed to step five of the analysis. (*See id.*) But the ALJ further noted that if he had proceeded to step five, he would have concluded that "there [were] other jobs existing in the national economy" that Combs could perform given her limitations, including attendant worker, visual inspector, and lobby/gate attendant. (*See id.* at Pg. ID 54-55.)

For these reasons, the ALJ concluded that Combs was not disabled. (*See id.* at Pg. ID 56.)

**B**

On March 21, 2018, Combs filed this action in which she challenges the SSA's denial of benefits. (*See* Compl., ECF #1.) Combs and the Commissioner then filed cross-motions for summary judgment. (*See* Combs' Mot. for Summ. J., ECF #13; Commissioner's Mot. for Summ. J., ECF #14.) Combs raised four primary arguments with respect to the ALJ's decision:

> 1) [T]he RFC does not accurately reflect [Combs']
> impairments[, and Combs cannot perform light work,]
> because she cannot stand for six hours in an eight-hour
> workday; 2) the ALJ ignored [Combs'] testimony of
> efforts to obtain pain relief, which should have resulted
> in a higher credibility findings; 3) the ALJ improperly
> weighed the opinion of her treating physician[s], and 4)
> the ALJ failed to consider the [side] effects of her
> medications on her ability to work.

(R&R, ECF #15 at Pg. ID 831.)

The Court referred the cross-motions to the assigned Magistrate Judge. On January 29, 2019, the Magistrate Judge issued the R&R in which she carefully analyzed the arguments in the summary judgment motions. (*See* R&R, ECF #15.) The Magistrate Judge ultimately rejected each of the arguments that Combs presented and "conclude[d] that the ALJ's opinion [was] supported by substantial evidence." (*Id.* at Pg. ID 832.)

On February 12, 2019, Combs timely filed the Objections. (*See* Objections, ECF #16.) Combs objects to the R&R on two grounds. First, she argues that "[t]he Magistrate erred in supporting the ALJ's determination that [she] can perform light work." (*Id.* at Pg. ID 844-45.) Second, Combs argues that "[t]he Magistrate erred when she determined that the ALJ properly evaluated and considered the side effects of [her] many medications." (*Id.* at Pg. ID 845-47.) The Court will examine each of these objections in turn below.

## II

### A

When a party objects to portions of a Magistrate Judge's report and recommendation, the Court reviews those portions *de novo*. *See* Fed. R. Civ. P. 72(b)(3); *see also Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of

the R&R to which a party has not objected. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## B

In reviewing the disputed findings of the ALJ, the Court is limited to determining whether those findings are supported by substantial evidence and are made pursuant to proper legal standards. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). "The substantial evidence standard presupposes that there is a zone of choice within which the Secretary may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (quotations omitted).

## III

### A

Combs first objects that "[t]he Magistrate erred in supporting the ALJ's determination that [Combs] can perform light work." (Objections, ECF #16 at Pg. ID 844.) More specifically, Combs notes that in "order to perform light work, an

individual must be able to stand or walk, off and on, for approximately six hours out of an 8-hour day," and she argues that she cannot meet that requirement because she suffers from "chronic joint stiffness and leg pain." (*Id.*) Combs supports her argument with (1) a citation to her testimony before the ALJ that she could "walk only half a block before she experiences sharp pains in her knees and ankles," (2) a self-assessment form in which she reported that she could only walk "one block" before needing to rest for an hour before walking again, and (3) a single page from her medical records that indicates that she was seen in an emergency room on July 15, 2014, for knee pain. (*Id.* at Pg. ID 845.) Combs says that this "medical evidence" demonstrates that she "could [not] perform light work on a regular and continuing basis." (*Id.*) The Court overrules this objection for two reasons.

First, this objection is deficient because it repeats, in some portions verbatim, the same argument that Combs initially presented to the Magistrate Judge on summary judgment. (Compare ECF #16 at Pg. ID 844-45 with ECF #13 at Pg. ID 804-05.) In general, an objection to an R&R that simply "rehashes" the same arguments that were presented on summary judgment is insufficient. *Davis v. Caruso*, 2008 WL 540818, at *2 (E.D. Mich. Feb. 25, 2008) (overruling objections). *See also Potter v. Comm'r of Soc. Sec.*, 2015 WL 452173, at *4 (E.D. Mich. Feb. 3, 2015) (holding objections to report and recommendation were waived where

objections were "nothing more than a re-submission of [plaintiff's] original motion for summary judgment" and did not address reasoning of the Magistrate's report).

Second, the objection fails on its merits. Combs asserts in this objection that the "Magistrate Judge incorrectly held that 'Combs does not identify any specific error in the ALJ analysis.'" (Objections, ECF #16 at Pg. ID 844, quoting R&R, ECF #15 at Pg. ID 832.) She further argues that "the medical evidence confirms on numerous occasions [Combs'] chronic joint stiffness and pain." (*Id.*) But Combs has failed to connect her complaints of joint stiffness and pain with the inability to perform light work. As described above, the only evidence that Combs relies upon in support of this objection are her own subjective reports that she is unable to walk without pain and a citation to one medical record that reflected that she was seen in the emergency room for "some mild throbbing knee pain." (Admin. R., ECF #7-7 at Pg. ID 412.) None of that evidence, individually or collectively, establishes that the Magistrate Judge erred when she concluded that there was substantial evidence to support to ALJ's conclusion that Combs could perform light work.

Indeed, both the Magistrate Judge and the ALJ identified substantial other evidence from Combs' own medical records that supported the conclusion that Combs' symptoms were "consistently characterized as minimal or mild." (R&R, ECF #15 at Pg. ID 833, citing to medical records; Admin. R., ECF #7-2 at Pg. ID 50-54, same.) Moreover, the only medical opinion in the record – the opinion of Dr.

Fountain – took into account Combs' claim that she could only walk one block and nonetheless concluded that Combs *could* perform light work. (*See* Amdin R., ECF #7-3.) Combs did not address any of this evidence in her Objections, and she did not attempt to show in any way how the Magistrate Judge or the ALJ misinterpreted this evidence. Under these circumstances, Combs has failed to show that the ALJ's conclusion that she could perform light work was not supported by substantial evidence. Combs' first objection is therefore **OVERRULED**.

## B

Combs next argues that "[t]he Magistrate Judge erred when she determined that the ALJ properly evaluated and considered the side of effects of [Combs'] many medications." (Objections, ECF #16 at Pg. ID 845.) Combs asserts that the Magistrate Judge wrongly "found that [Combs] did not identify evidence to support her claim" that the side effects from her medications make it impossible for her to work. (*Id.* at Pg. ID 846.) The Court disagrees and therefore overrules this objection.

Combs insists that "side effects common among [her] medications include fatigue, nausea, insomnia, headaches and muscle pain." (*Id.*) And she identifies evidence in the record that she sought medical care for headaches, nausea, and chest pain that she now insists were caused by her medications. (*Id.*) However, Combs has not identified any evidence that her medications *caused* her headaches, nausea, and chest pain. As the Magistrate Judge aptly noted, one of the pieces of evidence

that Combs relies upon – a treatment note related to her headaches – indicates that her headaches "are associated with tension [and] stress" and does not attribute the headaches to medication use. (Admin. R., ECF #7-8 at Pg. ID 645.) Combs also relies upon the fact that she was "seen in an emergency room for nausea" in 2014. (Objections, ECF #16 at Pg. ID 846.) But nothing in the medical records from that visit ties the nausea to Combs' medications. In fact, those records indicate that Combs was not even taking any medications at that time. (*See* Admin. R., ECF #7-7 at Pg. ID 386.) Combs simply has not identified sufficient evidence in the record that her medications caused side effects that made it impossible for her to work. This objection is therefore **OVERRULED**.

## IV

For the reasons stated above, **IT IS HEREBY ORDERED** that:

- Combs' Objections to the R&R (ECF #16) are **OVERRULED**;

- The Court **ADOPTS** the recommended disposition in the R&R (ECF #15);

- Combs' Motion for Summary Judgment (ECF #13) is **DENIED**; and

- The Commissioner's Motion for Summary Judgment (ECF #14) is **GRANTED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: March 19, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 19, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764